

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the order of the Court.**

**Signed April 14, 2006**                                              **United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
IN RE:                          §
                                §
JENNIE STEWART FULLER,          §     CASE NO. 05-81427-RCM-7
                                §
     D E B T O R.               §
                                §
                                §
```

### MEMORANDUM DECISION

On April 5, 2006, the court heard the Chapter 7 trustee's objection to Debtor's asset exemption. The issue before the court is whether Debtor's claimed homestead exemption is proper. The court has core jurisdiction of this matter under 28 U.S.C. § 1334 and § 157(b)(2)(B). Following are the court's findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law and vice versa.

### Facts

On September 28, 2005, Jennie Stewart Fuller (the "Debtor")

filed this voluntary Chapter 7 petition. Diane G. Reed (the "trustee") is the duly appointed and acting Chapter 7 trustee for this case. In Debtor's original Schedule A, she listed real property, described as #8 and #10 Hunt Lane, Pottsboro, Texas 75076 (the "property"). In Debtor's original Schedule C, she listed the property and claimed it as exempt under the Texas Property Code homestead exemption.

Debtor's § 341 meeting (the "meeting") was held and concluded on November 1, 2005. At the meeting, Debtor testified to the following facts:

(a) Debtor currently lives in a house on Sandy Trail in Richardson, Texas (the "Richardson house").

(b) Debtor has lived in the Richardson house since February 14, 2004.

(c) Debtor's mother owns the Richardson house.

(d) Debtor intends to pay, but has not paid, rent to her mother for the Richardson house.

(e) Debtor moved into the Richardson house during her divorce, having moved from her husband's house, which he owned before their marriage.

(f) In 2002, Debtor and her then (now divorced) husband purchased two lots, #8 and #10 Hunt Lane in Pottsboro, Texas for a purchase price of $60,000.

(g) The property was purchased because she and her then-

        husband were going to eventually, probably in five to ten years, live in the property.

(h) The property was awarded to her in the divorce settlement.[1]

(i) The property is unencumbered by debt.

(j) Debtor has never lived on the property.

(k) A family has lived on and rented the property for eight years. The same family still lives on the property and pays to Debtor rent in the amount of $525 per month.

To date, Debtor still resides at the Richardson house. Debtor testified at trial that the property would need substantial improvements before she would considering occupying such property. For example, the roof leaks, new carpeting is necessary, and there is a foundation problem. Debtor testified at trial that she was unaware of the cost of such repairs.

    Debtor claims that although she has been unable to occupy the property as her homestead, she intended to make it her homestead and unavoidable circumstances[2] have kept her from

---

[1] Per the divorce agreement, Debtor's former husband has a first right of refusal to buy the property if Debtor determines to sell it.

[2] The circumstances to which Debtor points are the Temporary Orders Number One, issued by the District Court in the 301st District of Dallas County, Texas, on July 7, 2005, whereby Debtor was named temporary joint managing conservator for her son with "the exclusive right to designate the primary residence of the child within Dallas County." (Def.'s Ex. A.) Debtor asserts that such clause made it impossible for her to occupy the property. In the Final Decree of Divorce, dated September 27, 2005, the day before Debtor filed for

exercising her intent to make such property her homestead.  In relation to the property, Debtor has obtained a dumpster[3] and repaired the retaining wall.

## Analysis

"When debtors file for chapter 7 bankruptcy protection, the Bankruptcy Code entitles them to keep, or exempt, a certain amount of assets with which to rebuild their lives."  Leslie A. Shames, Comment, *Calling a Fraud a Fraud:  Why Congress Should Not Adopt a Uniform Cap on Homestead Exemptions*, 16. EMORY BANKR. DEV. J 191, 191-92 (1999).  Under 11 U.S.C. § 522, "the Code gives debtors the option of using either federal or state exemption laws unless the state 'opts out,' prohibiting application of the federal exemption scheme."  *Id.* at 192; *see* 11 U.S.C. § 522(b)(1).  Texas is "an opt-in state where the debtor can choose between state and federal exemptions . . . ."  *In re Kane*, 336 B.R. 477, 485 (Bankr. D. Nev. 2006).

> When a debtor selects state exemptions on filing a bankruptcy petition under 11 U.S.C. § 522, the bankruptcy court must determine exemption rights according to state law.  "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."  The Texas Constitution provides for a homestead exemption but

---

bankruptcy, Debtor was named joint managing conservator with "[t]he exclusive right to designate the primary residence of the children within Grayson County, Dallas County or a county contiguous to Dallas County . . . ." (Def.'s Ex. C.)  Pottsboro is in Grayson County.

[3] According to her testimony, Debtor obtained such dumpster in 2003 with her then husband.

> does not define the term other than to limit a rural homestead to not more than two hundred acres of land with the improvements thereon and urban homesteads to not more than 10 acres together with improvements.

*Norris v. Thomas (In re Norris)*, 413 F.3d 526, 527 (5th Cir. 2005) (footnotes omitted). In Texas, the urban homestead "of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon." TEX. PROP. CODE ANN. § 41.002(a) (Vernon 2005).

Debtor has used the property exclusively as rental property since its purchase in 2002. "Property which is rented has long been ineligible for the homestead exemption." *Texas Commerce Bank-Irving v. McCreary*, 677 S.W.2d 643, 645 (Tex. App. 5 Dist. 1984) (citations omitted). Looking back to *Harston v. Langston*, 292 S.W. 648, 651 (Tex. Civ. App. 1926), case law has consistently held that property used in a rental capacity of this nature does not warrant protection under the homestead exemption.

Moreover, Debtor's mere ownership of the property is not enough to establish it as her homestead. "Mere ownership or possessory interest is not of itself sufficient to establish a homestead." *In re Mitchell*, 132 B.R. 553, 558 (Bankr. W.D. Tex 1991) (citations omitted).

What Debtor intended to do with the property in the future, without more, does not qualify the property under the homestead

objection. "[A] subjective intent to make property a homestead in the future must generally be evidenced by overt acts of preparation." *Hillock Homes v. Claflin (In re Claflin)*, 761 F.2d 1088, 1091 (5th Cir. 1985) (citing *Cheswick v. Freeman,* S.W.2d 171, 173 (Tex. 1956)). Debtor testified at trial that she intended to move into the property in three to five years, when her son was of school age. Such intention alone is insufficient for a finding of homestead. The court can only find two actions by Debtor, the building of a retaining wall, a structural necessity, and the obtaining of a dumpster in 2003. Such actions do not rise to the level of "overt acts of preparation." Debtor's intent was vague, but moreover was not intended to occur within a reasonable time. *See id.* at 1091. Debtors actions do not meet the standard of overt acts sufficient to constitute a homestead. Accordingly, the trustee's objection to Debtor's claimed homestead exemption is sustained.

### END OF MEMORANDUM DECISION ###